Case number 20-2790 Eastern Arkansas, United States v. Rosie Farr et al. Thank you. Mr. Valley? Good morning, Your Honor. May I please report, I am James Valley. I'm here on behalf of John and Rosie Farr, who will be third party to the, I guess, indictment and conviction of Ms. Jacqueline Mills. And of course, we're here on the forfeiture of certain properties. And one of the things I need to, I guess, point out real quickly is that they are only making a claim to what we have briefed. And that's the $9,000 that Ms. Farr had in her possession on the day that it was seized from her, the day that it was co-owned by Ms. Farr, Ms. Mills, and Mr. Farr, which was $187,640.67. So I wanted to make sure we narrowed it down to that, although they did file a petition claiming more. That is what we believe they have ownership interest in. This, as we've stated in our briefing, was granted in large part because the appellate's counsel did not respond to the motion and items filed by the federal government. I got into this case after that, that the people will say when I got in it, and I don't have a explanation other than what I provided in the brief that maybe... My question, counsel, is what orders are being appealed? Say that again, John? Well, there are two orders here. Most of the discussion is about the first one, but the appeal was triggered by the denial of reconsideration. I didn't study the notice of appeal, but what do you think is up here? Well, John, I was thinking the final forfeiture order, the notice of appeal... I'm looking away because I'm trying to look at the other screen on my computer. It was written by, of course, Ms. Roses Farr and John Farr. It's not coming up quickly, but certainly the reconsideration was, I guess, part and parcel to the fact that the judge entered the order against them, the final forfeiture order. Well, I suppose one question is, was the appeal timely? The appeal was filed after the denial of reconsideration. Was it a timely appeal of the initial order? Yes, Your Honor, that's my understanding it was. I believe the federal government conceded that there was a motion filed on the lower court level, maybe an order that substantiated that, and it's also stated in that brief. You aren't questioning the denial of reconsideration? Of course, that's a big uphill burden. Yes, sir. The district court basically said there's nothing new in the reconsideration, and I'm not going to change my first order. That's correct, Your Honor. So, we appeal in the first order, which was the final order, and... Not the 60B denials. Correct. And the primary issue in the first order, as I see it, is that there was a notice given to the litigants that... Before you go into the procedural detail, your answer leads me to where I thought we were, which is the final forfeiture order, your clients as third-party claimants had an affirmative duty to prove their ownership interest, and what in the record prior to the summary judgment order satisfied that burden to the extent the summary judgment was improper? Your Honor, beyond the claim that the parties made to this... Anybody can claim anything, and then you've got an affirmative duty to prove it. And they failed to respond, and they didn't go to summary, and so forth and so on, and the district court winds up with a summary judgment record that, as I'm looking at it, had nothing from the claimants. And so, I'm asking you, why is that wrong? In other words, none of the rest of this matters because of the affirmative duty to prove the claim, and everything else is irrelevant, the case law says. Where was that proof? Well, Your Honor, the discovery process didn't yield that proof directly, and what I've argued in my brief is that part of that may have been Mr. Wilson's strategy. I don't know why he did or didn't do what he did, but... But how can we not... If you're not appealing the 60B issue, then isn't this... Don't we have to affirm, grant a summary judgment, because there was only evidence from one side, or there was no evidence from the side with the party with the burden? And that thought process by me led me to wonder, well, do we have a 60B denial issue here that hadn't been briefed? Well, Your Honor, the... You inherited a hard hand to play, and I'm just trying to... Because of this absence of evidence, and it seems to me, unless there's something in that record that I'm not aware of that would satisfy a proof of a competing primary pre-forfeiture interest, it seems to me you were faced with a need to get 60B relief. And I even came in after that. And so, you know, the part of the problem in this, I think, is that certainly the discovery was what it was, but the summary judgment is granted because there's no response. And because, I think, the coronavirus, Mr. Wilson didn't respond, and the client didn't learn about it until the final order had been entered to the summary judgment. And how he would have done that differently, I don't know precisely. But that's part of what this issue is, as well as the fact, again, Your Honor, that I would imagine that Mr. Wilson was proceeding under the guise or the thought that the statute, as it was written and as they were proceeding at the time, dealt with a burden that the state could... The government couldn't meet. And then, in the final order, that statute is changed. And it wasn't the litigant's responsibility to proceed under one statute or another. It was the government's responsibility to set forth the statute. And so, they didn't set forth the statute under Section 18 U.S.C. 981 until the final order. Prior to that, it dealt with... The only statute that was listed was 18 U.S.C. 982, which would not be applicable. Counsel, are you familiar with our Waits case? W-I-T-S case? I believe somewhat, Your Honor. That would be the co-defendant. Yes, the co-defendant in this case, I think. Yes, sir. Somewhat familiar with that. Does it resolve that issue about citation to the wrong statute? Well, Your Honor, I would say no, and that Waits was a co-defendant. And these are just purely third parties. And the money was being seized on Waits because he was co-defendant as punishment to him. But on the third parties, you're not trying to punish them. You're trying to... Certainly, as it relates to the money, keep the money from flowing improperly to anyone who wasn't entitled to it. But these third parties were, I said, bona fide purchasers. You would agree the propositions of law apply, but not the facts, right? That's... Yes, sir. Thank you. Your Honor, I have about one minute left for rebuttal. I guess I could reserve that. Very good. Thank you. Mr. McCree. Good morning, and may it please the Court. I'm Cameron McCree, and I represent the United States in this matter. We would ask that this Court affirm the summary judgment in favor of the United States in this case. I would note that a lot of the discussion in the Fars argument was that their attorney was at fault. I note that while we're discussing a criminal forfeiture action, the Fars are third parties to that action, and that is a civil... That part of the proceeding is civil in nature. And so the remedy in that case would be a malpractice action against their original attorney, not a redo of the things that happened in front of the district court. And so I believe to the extent that there was either a poor strategy call not to respond to discovery or to the motion for summary judgment, that matter is not something that would... to reverse the award of summary judgment in favor of the United States. I would also note that the facts were deemed not in dispute for two reasons. One was because there was no response to the statement of undisputed facts, and under the local rules of the Eastern District of Arkansas, all the facts in the statement of undisputed facts are deemed admitted if there's not a response. But secondly, we're talking about mathematical analysis, and we're talking about bank records. There was no other information that the Fars could offer to controvert the information that the FBI through Katherine Black provided at trial and also supported in her affidavit in support of the summary judgment. There simply was no proof. This is the quintessential case where summary judgment is appropriate because there are no facts that compete with what the government is offering. To the extent that there is some discussion about the wrong statute being cited, I believe, Judge Benden, you're correct that the Waits case, who is Ms. Mills' co-defendant, that case is dispositive on that issue. But even more importantly than that, the Porsche case, which says that at the ancillary proceeding, the only issue is, are these individuals who are filing a petition, are they owners of the property? If they are owners of the property, even if the correct statute was cited, forfeiture is not appropriate. If they're not owners of the property, they're not harmed because they have no interest in this action. Their only concern is, is this my property? They offered no evidence of that. Discovery lasted for nearly two years. The United States sent written discovery. We attempted to do depositions. And at the end of the day, the analysis was that there is no set of facts that they can offer that can controvert the proof that the United States offered. At trial, Katherine Black testified about her analysis of these accounts, and she followed the flow of money, where Ms. Mills obtained a substantial amount of fraud from this particular account. And the Farrs have never offered any challenge to her analysis. They've also not offered their own analysis. And so in that circumstance, we would submit that it is appropriate that Judge Moody looked at this as a legal issue because there were no facts in dispute. And when there's only one set of evidence that this money came from Ms. Mills' fraud, then that could not be money that the Farrs legally earned if Jacqueline Mills earned it by fraud. And so the award of summary judgment, we would say, is proper. And that there was no reason to wait any further to do any further discovery after two years in this case. And because the Farrs concede that their other points are not things that they briefed, I believe, Your Honor, that that addresses the issues that the government wants to raise. So I would submit that this is a case that summary judgment was appropriate. And if the court does have questions, I will surrender the balance of my time. Thank you, counsel. Mr. Valle, you have some rebuttal time? Yeah. Got a minute there, Mr. Valle, if you have anything to add. Your Honor, I would just add that, you know, I hear the questions you've asked, and I hear the government's presentation about discovery pending for two years. I don't think this case is about how long the discovery was pending or that. I think it's just basically about these facts and that the Farrs were entitled to some, I think, more specific notice than what they got as to how the court was proceeding, under what statute it was proceeding under as third parties. These are not the people who were convicted. It's a totally separate proceeding. And it's unfortunate that their attorney disappeared on them, but I would think that that may be one of the cases where the court can use that as excusable neglect in this point. They hired an attorney, come to counsel, and we haven't heard from them since before the summary judgment motion, as far as I know. So with that, I'd ask that the court would consider remanding it for determination of the Farrs. The Farrs ownership, the two things we raised in our briefing. Very good. Thank you, counsel. The case has been well briefed and helpfully argued, and we'll take it under review.